THE SECOND MANHATTAN BUILDING ASSOCIATION, *v.* DENNIS
HAYES and Wife.

It is not necessary under section three, of chapter 122, Laws of 1851,
providing for the incorporation of building associations, etc., that the
copy of articles required by that section to be filed should contain the
names of the trustees.

The *trustees* of such corporations, are not *officers*, within the meaning and
intent of the statute.

DENIO, Ch. J.   This was an action brought to foreclose a
mortgage executed by Patrick J. O'Brien and his wife, to
the plaintiffs, by their alleged corporate name; and the
defendants are the grantees of the mortgaged premises.
The only question upon the appeal is, as to the existence
of the corporation, in the name of which the action was
brought.   Issue was joined on that point.   The referee,
before whom the case was tried, decided in favor of the
defendants.   The General Term reversed this determination
and ordered a new trial, and the plaintiffs have appealed
with the usual stipulations required in such cases.

The plaintiffs claim to have been incorporated pursuant to
chapter 122 of the Laws of 1851, entitled "An act for the
incorporation of building, mutual loan and accumulating
fund associations."   The first section declares that any
number of persons, not less than nine, may associate and
form a company for the purposes mentioned.   The second
section requires these persons to subscribe articles of associ-
ation, which are to set forth a great number of particulars,
including the corporate name, and "what officers, trustees
and attorney there shall be;" and the third section provides
that a true copy of such articles, signed by the officers of
the association, together with a statement showing when the
association was organized, and the place of the transaction
of its business, and the names of the officers and trustees at
the time of making such statement, which is to be verified
by oath or affirmation, shall be filed with the clerk of the

proper court, and thereupon the association is to become a body corporate, etc.

The plaintiffs produced from the files of the county clerk's office, papers purporting to be a copy of the articles of association, and a statement setting forth the several matters referred to in the third section, and which was verified by the oath of J. N. Genin, the president. The copy of articles purported to be signed by several individuals, embracing the names of all the persons named in the statement as officers and trustees, except the name of Andrew B. Beers, one of the trustees, and no question as to the genuineness of the signatures was made. In the statement given in evidence, the time when the association was organized was said to be the ———— day of September, A. D. 1851, a blank for the day being left apparently by mistake. The decision of the referee was based on the omission of the name of Mr. Beers, among the signatures to the copy of articles.

If the copy of articles were required to be signed by the trustees; in other words, if the trustees are embraced within the term officers, as used in the third section, the omission of one of them to sign would be a defect which might defeat the title of the association to be regarded as a corporation. It is no doubt true that to create a corporate body under these general laws, the formal requirements of the statute must be substantially followed. But it seems very clear to me that the trustees were not required to sign. When we speak of the officers of a corporation, the term is understood to define those who are intrusted with the executive powers of the corporate body; and if it is intended to embrace the board of directors, trustees or managers, they are expressly named. By officers we mean the president, vice-president, cashier or secretary, and any others who are intrusted with a part of the executive authority. The trustees are no doubt in one sense officers, and when that term is used in some connections, it would embrace all who participate in the exercise of the corporate functions, including the legislative board. The members of the legislature of the State are in that gen

eral sense officers of the State, though they clearly do not come within the designation of State officers. The language of the act we are construing, recognizes in a very pointed manner the distinction I am endeavoring to point out. The articles are, by the second section, to state what officers, trustees and attorney there shall be; and the third section discriminates still more distinctly. The copy articles are to be signed by *the officers* of the association, and the sworn statement is to set forth the names of the officers *and trustees*, thus showing very plainly that the latter class of corporate authorities were not understood by the legislature to be embraced in the term officers. I conclude therefore that there was no defect in these proceedings of the kind suggested, and that the referee fell into an error in that respect.

We have not thought it necessary to inquire into the effect of the recognition of the corporation, by the mortgagees, by executing the bond and mortgage to the association in its corporate name, or by the defendant taking a conveyance of the mortgaged premises, subject in terms to this mortgage.

The question as to the effect of leaving a blank in the statement of the day on which the corporation was organized is not before us, as the statement is not set forth in the referee's conclusions of fact, nor is there any reference to it. The paper merely states that Mr. Beers, a trustee, did not sign the articles, and upon that single circumstance he founds the legal conclusion that no corporation was created. As that was an erroneous determination, the judgment was rightfully reversed by the General Term. If there was to be a new trial it would be material to pass upon the other alleged defect; but by the stipulation there is to be judgment absolute for the plaintiff if the order is, as it must be, affirmed.

CAMPBELL, J. The only defense to the foreclosure of the mortgage was, that the plaintiff was not a corporation and had no legal capacity to sue. The objection was that one of the associates who was named as a trustee did not sign the copy of the articles filed in the office of the county clerk, of

the city and county of New York, and that the statement annexed to said copy articles and verified by the oath of the president did not mention the day of the month on which the association was organized.

The general act for the incorporation of building, mutual, loan and accumulating fund associations, passed April 10, 1851; provides: Section first, that any number of persons not less than nine may associate and form an incorporated company for the purposes therein specified. Section two provides that such persons shall severally subscribe articles of association, which shall set forth the name of the corporation and among other things, "what officers, trustees and attorney there shall be, and how and when chosen, and their duties and how removed or suspended from office."

Section three is as follows: "A true copy of such articles signed by the *officers* of the association, together with a statement showing when the association was organized, and the place of the transaction of its business and the names of the officers *and* trustees at the time of the making of such statement, which shall be verified by oath or affirmation, before any officer authorized to take affidavits to be used in courts of justice, shall be filed in the office of the clerk of the county in which such association shall transact its business; and thereupon the persons who have subscribed the articles of association as aforesaid, and such other persons as shall become members of such association, and their successors, shall be a body corporate by the name specified in such articles of association, etc." A copy of the articles must be filed, which copy must be signed by the *officers* of the association. In addition, there must be a sworn statement, setting forth the names of the officers *and* trustees, which must also be filed.

In this case the copy of articles filed was signed by the president, vice-president, secretary, surveyor and attorney, and counselor, and also by all the trustees except one. The statement verified by the oath of the president set forth the names of the president, vice-president, secretary, surveyor and attorney and counselor, and also the names of all the

trustees, including the name of the trustee who had not signed the copy of the articles filed. Does the law require that the copy of the articles filed shall be signed by the trustees of the association? I think clearly not. The word officers when used in connection with corporations has a well known and defined meaning. It includes presidents and secretaries, and in some cases perhaps actuaries and surveyors; such persons as have the immediate and direct care and management of the property and business of the corporation. Directors and trustees may be said to hold office in the corporation in a general sense, and may control and direct presidents and secretaries in the management of the business of the corporation. But in the transaction of such business with the public, the corporation generally speaks through its president and secretary. They are emphatically its officers.

It is very clear that this general building act contemplated such distinction. The very section which declares that the copy of articles to be filed must be signed by the officers, also declares that the statement which must accompany such articles, and must also be verified, must contain, in addition to the names of the officers, the names of the trustees of the association. But the law requires that the statement thus verified shall show when the association was organized. This statement shows that the association was organized in the month of September, 1851, but does not mention the day of the month, but as it was sworn to on the 20th of September the organization must have been made on that day or on some day prior in that month. No question between the parties arises as to the date, as the mortgage in suit was not given until the following year. The only question is, whether the statement is in compliance with the statute, which requires the time when organized to be shown. In this case the time "when" is shown to have been in the month of September, 1851. There is nothing in the statute, and nothing in the general policy or provisions of the law, which would in any way seem to indicate that more precision was required. In this case it is very evident the day of the

month was inadvertently omitted, as there is a blank in the statement for the filling in of the day. But it seems to me this omission is of no moment, and that the time when the organization was made is shown with sufficient precision.

The defendants took a conveyance of the property covered by this mortgage, expressly subject thereto, and which conveyance declared that the amount due on such mortgage formed a part of the consideration or purchase price of the property. There are no merits in the defense.

The order of the Supreme Court should be affirmed.

All concur.

Order affirmed, and judgment absolute for the plaintiffs; the Supreme Court to enter the necessary judgment for a foreclosure and sale.